IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
JANELL M. LOBERG and RUSS       )
LOBERG,                         )
                                )
              Plaintiffs,       )           8:09CV280
                                )
        v.                      )
                                )
CIGNA GROUP INSURANCE and       )        MEMORANDUM AND ORDER
LIFE INSURANCE COMPANY OF       )
North AMERICA,                  )
                                )
              Defendants.       )
_____)
```

        This matter is before the Court on plaintiffs' motion

for leave to amend the complaint (Filing No. 21) and plaintiffs'

motion for leave to conduct full discovery (Filing No. 22).  Upon

review, plaintiffs' motion for leave to amend is granted, and

plaintiffs' motion for leave to conduct full discovery is granted

in part and denied in part.

**BACKGROUND**

        This action arises out of defendants' denial of Janell

Loberg's claim for benefits under an employee welfare benefit

plan governed by the Employee Retirement Income Security Act of

1974 ("ERISA"), 29 U.S.C. §§ 1001 et. seq.

        At all relevant times, Janell Loberg was an employee of

Valmont Industries, Inc. ("Valmont") (Complaint, ¶ 3; Answer,

¶ 3).  Defendant Life Insurance Company of North America ("LINA")

issued Group Accident Policy OK 807266 (the "Policy") to Valmont

(Complaint, ¶ 6; Answer, ¶ 6).  On or about September 4, 2008,

Ms. Loberg's son, Wade Loberg, died as a result of an automobile accident (Complaint, ¶ 7; Answer, ¶ 7).  On October 3, 2008, Ms. Loberg submitted a claim for accidental death benefits under the Policy (Administrative Record ("AR") 53-54).  By letter dated December 5, 2008, an accident specialist employed by one or both defendants notified Ms. Loberg that her claim was being denied because Wade Loberg's death was not an accident according to the terms of the Policy (AR 3-6).

Plaintiffs filed this action in state court, asserting claims for (1) breach of contract, (2) bad faith, and (3) intentional infliction of emotional distress (Complaint). Defendants removed the action to federal court on the ground that plaintiffs' claims were preempted by ERISA (Filing No. 1).

## DISCUSSION

### 1. Motion for leave to amend the complaint (Filing No. 21)

Plaintiffs move for leave to amend the complaint. Plaintiffs did not submit a proposed amended complaint, but the motion states that they seek leave to add a claim for violation of 29 U.S.C. § 1022 for failure to provide Ms. Loberg with a summary plan description that could be understood by the average plan participant and was sufficiently accurate and comprehensive to apprise Ms. Loberg of her rights and obligations under the plan.  Plaintiffs claim the summary plan description Ms. Loberg received contained inaccurate and/or misleading or insufficient

-2-

information regarding exhaustion of administrative remedies and

eligibility for benefits.  Defendants oppose plaintiffs' motion

on the bases that the motion fails to comply with the Court's

local rules and the proposed amendment would be futile.

Leave to amend should be freely given "when justice so

requires," Fed. R. Civ. P. 15(a)(2); although, futility of the

amendment is a valid basis to deny leave, *Amrine v. Brooks*, 522

F.3d 823, 833 (8th Cir. 2008).  The Court will not pass on the

validity of plaintiffs' proposed amendment at this time and will

grant plaintiffs leave to amend.  Plaintiffs shall file their

amended complaint on or before May 17, 2010.

**2. Motion for leave to conduct full discovery (Filing No. 22)**

Plaintiffs seek leave to conduct full discovery not

limited to the administrative record.  Defendants oppose

additional discovery, claiming the Court's review of plaintiffs'

claim for benefits is limited to the administrative record, and

plaintiffs have not demonstrated good cause for additional

discovery.  Plaintiffs did not file a brief in reply to

defendants' opposition brief.

Because it potentially impacts the permissible scope of

discovery, the Court first considers which standard of review

applies in this case.  Where the plan grants "the administrator

or fiduciary discretionary authority to determine eligibility for

benefits," the Court reviews the benefits decision for abuse of

discretion.  *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105,

128 S. Ct. 2343, 2348 (2008) (quoting *Firestone Tire & Rubber Co.*

*v. Bruch,* 489 U.S. 101, 115 (1989)) (emphasis omitted).  While

plaintiffs contend that the plan document is not in the

administrative record, defendants have represented to the Court

that the Policy, which is part of the administrative record, is

the governing plan document.  The Policy appoints LINA as the

plan fiduciary for reviewing claims for benefits and grants LINA

discretionary authority to interpret the Policy and make benefits

determinations.[1]  Accordingly, an abuse of discretion standard of

review applies; although, the amount of deference that will be

---

[1] The Policy provides in relevant part:

> For plans subject to the Employee
> Retirement Income Security Act (ERISA),
> the Plan Administrator of the Employer's
> employee welfare benefit plan (the Plan)
> has appointed the Insurance Company as
> the Plan fiduciary under federal law for
> the review of claims for benefits
> provided by the Policy and for deciding
> appeals of denied claims.  In this role
> the Insurance Company shall have the
> authority, in its discretion, to
> interpret the terms of the Plan
> documents, to decide questions of
> eligibility for coverage or benefits
> under the Plan, and to make any related
> findings of fact.  All decisions made by
> the Insurance Company in this capacity
> shall be final and binding on
> Participants and Beneficiaries of The
> Plan to the full extent permitted by
> law.

(AR 84).

accorded may be impacted by any evidence that LINA committed

serious procedural irregularities or labored under a conflict of

interest.  *Glenn*, 128 S. Ct. at 2348; *LaSalle v. Mercantile*

*Bancorporation, Inc. Long Term Disability Plan*, 498 F.3d 805, 809

(8th Cir. 2007).

Where an abuse of discretion standard applies,

discovery beyond the administrative record is not permitted

absent a showing of good cause by the plaintiff.  *See Brown v.*

*Seitz Foods, Inc., Disability Benefit Plan,* 140 F.3d 1198, 1200

(8th Cir. 1998); *LaSalle*, 498 F.3d at 811.  Plaintiffs have not

demonstrated good cause for gathering most of the information

they have identified.  However, plaintiffs have shown good cause

to discover whether there was an administrative appeal of Ms.

Loberg's claim for benefits, and if so, information related to

such appeal.  Ms. Loberg contends she sought assistance in

pursuing an administrative appeal of her claim denial and was

informed that there would be no change in her case.  Defendants'

answer asserts failure to exhaust administrative remedies as an

affirmative defense, but defendants' opposition brief suggests

that they accept that an administrative appeal was filed and

denied.  The administrative record does not contain any record of

an administrative appeal.  In the event defendants pursue their

affirmative defense, plaintiffs should be given the opportunity

to determine whether the administrative record is incomplete and

whether evidence exists to counter the defense.  Even if defendants choose to abandon the affirmative defense, information regarding any potential administrative appeal may be relevant to review of the denial of benefits.  Thus, plaintiffs will be granted leave to take one deposition and/or serve ten interrogatories to discover information regarding whether there was an administrative appeal of Ms. Loberg's claim, and if so, information related to such appeal.  Plaintiffs will not be permitted to conduct discovery on any other issues.

Plaintiffs contend that even if they are not permitted to conduct full discovery with regard to their claim for benefits, they should be permitted to conduct discovery on their claim for intentional infliction of emotional distress ("IIED"). Plaintiffs contend their IIED claim is not preempted by ERISA and is therefore governed by normal discovery rules.  ERISA preempts state law claims that "relate to" an employee benefit plan governed by ERISA.  29 U.S.C. § 1144(a).  The Supreme Court has given "[t]he phrase 'relate to' . . . its broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'"  *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987) (quoting *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985)).  Plaintiffs' IIED claim arises out of the denial of Ms. Loberg's claim for benefits, and

specifically, is premised on statements in the denial letter related to defendants' explanation as to why the claim was being denied.  Plaintiffs' IIED claim is "relate[d] to" a plan regulated by ERISA, and therefore, the claim is preempted.

IT IS ORDERED:

1) Plaintiffs' motion for leave to amend the complaint (Filing No. 21) is granted.  Plaintiffs shall file an amended complaint on or before May 17, 2010;

2) Plaintiffs' motion for leave to conduct full discovery (Filing  No. 22) is granted in part and denied in part. Plaintiffs are granted leave to take one deposition and/or serve ten interrogatories to discover information regarding whether there was an administrative appeal of Ms. Loberg's claim, and if so, information related to such appeal.  Plaintiffs' motion for leave to conduct full discovery is denied in all other respects.

DATED this 10th day of May, 2010.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court