IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
JANELL M. LOBERG and RUSS      )
LOBERG,                        )
                               )
            Plaintiffs,        )          8:09CV280
                               )
         v.                    )
                               )
CIGNA GROUP INSURANCE and      )       MEMORANDUM OPINION
LIFE INSURANCE COMPANY OF      )
NORTH AMERICA,                 )
                               )
            Defendants.        )
_____)
```

This matter is before the Court on plaintiffs' motion for attorney's fees, costs, and prejudgement interest (Filing No. 65). The Court finds that the motion should be granted in part and denied in part.

I. Attorney's Fees and Costs

ERISA § 502(G) provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action." The Eighth Circuit has set out five factors for courts to consider in determining whether to grant attorney's fees:

> (1) the degree of the opposing parties' culpability or bad faith;
>
> (2) the ability of the opposing parties to satisfy an award of attorneys' fees;
>
> (3) whether an award of attorneys' fees against the opposing parties could deter other persons acting under similar circumstances;

> (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal qeustion [sic] regarding ERISA itself; and
>
> (5) the relative merits of the parties' positions.

*Lawrence v. Westerhaus*, 749 F.2d 494, 496 (8th Cir. 1984) (quoting *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980)).

### A. Applying *Westerhaus*

First, the defendant's actions in pursuing this claim are not entirely free of impropriety.  The Court remanded plaintiffs' case to LINA because defendants had applied one standard for determining whether Wade Loberg's death was an accident and then proceeded to argue a different standard should be applied by the Court in its review of the denial.  Not only was the original standard wrong, the Court suspected that LINA was applying a per se rule of denial for alcohol related accidents.

In September of 2010, the District Court of Minnesota granted summary judgment against LINA because it failed to apply the subjective elements and the "highly likely" standard from *Wickman* even after it remanded the case to LINA to do just that. *McClelland v. Life Ins. Co. of N. Am.*, CIV. 08-4945 MJD/AJB, 2010 WL 3893695 (D. Minn. Sept. 30, 2010) aff'd, 679 F.3d 755 (8th

-2-

Cir. 2012) (citing *Wickman v. Northwestern Nat'l Ins. Co.*, 908 F.2d 1077 (1st Cir. 1990)).  A little over four months later, this Court remanded this case to LINA to apply the *Wickman* standard in very similar circumstances.  Yet, the analysis in LINA's second review of the administrative record differed little from its original analysis in this case or from the analysis that LINA submitted to the District of Minnesota.  While LINA certainly had a right to disagree with the decision in *McClelland*, its failure to distinguish *McClelland* or to justify resubmission of arguments rejected by a federal court in the same circuit under similar circumstances was less than forthright.

Further, defendants continue to use general language of reasonableness even though the Court has established that the appropriate standard is "highly likely."  There may not be sufficient evidence to conclude that the defendants' conduct rises to the level of bad faith.  "However, the absence of bad faith is not dispositive." *Starr v. Metro Sys., Inc.*, 461 F.3d 1036, 1041 (8th Cir. 2006).

Second, the Court finds, and the defendants do not dispute, that it is able to satisfy an award of fees and costs in this case.

Third, though the issue in this particular case is hopefully fully settled by the Eighth Circuit's affirmation of *McClelland*, *McClelland v. Life Ins. Co. Of N. Am.*, 679 F.3d 755

-3-

(8th Cir. 2012), payment of attorney's fees will provide
deterrence against the general practice of ERISA administrator-
insurers denying legitimate claims on dubious grounds or applying
standards inconsistent with settled law.

Fourth, by pursuing this claim to conclusion despite
the disproportionate amount of legal work required, plaintiffs
have helped to settle the law on this issue, helping to ensure
that other plan beneficiaries will receive the coverage they
reasonably expected based on the language of the policy.  This
and *McClelland* were just two of the many cases in which LINA has
suggested that alcohol related deaths are not "accidents."

Fifth, the relative merits weigh in favor of awarding
fees.  As noted above, defendants continued to pursue arguments
rejected by a federal district court in a similar suit without
any attempt to distinguish the cases or address that court's
considered reasoning.  Plaintiffs were fully successful in
proving their claim and recovered the full extent of the damages
sought.

Having weighed the *Westerhaus* factors, the Court finds
that attorney's fees are appropriate.

B. Reasonable Amount of Attorney's Fees and Costs

The appropriate starting point for determination of
reasonable legal fees is the lodestar method.  *Hensley v.
Eckerhart*, 461 U.S. 424, 433-34 (1983).  The Court finds the

-4-

requested hourly rate schedule reasonable for this type of work and the defendants do not challenge this amount.  Plaintiffs claim a combined total of 280.7 hours spent pursuing this case by law clerks, associates, and partners.  Plaintiffs ask for an additional $500 for preparation of the most recent reply brief. The Court must exclude from this calculation any hours not "reasonably expended."  *Id.* at 434.

First, the Court will dispense with some of defendants' specific objections.  Defendants correctly assert the clear and conclusive finding of the circuit that ERISA does not allow fees associated with pre-litigation administrative proceedings.  *Parke v. First Reliance Standard Life Ins. Co.*, 368 F.3d 999, 1011 (8th Cir. 2004).  Defendants seek to exclude fees for 3.2 hours logged before the filing of this suit.  However, defendants do not actually associate these hours with pre-litigation administrative proceedings.  The timing of these hours and notations in the logs themselves indicate that the hours were spent in pre-litigation consultations and preparation of filings for litigation.  The Court will not exclude these hours on this basis.

Defendants next seek exclusion of 3.3 hours dedicated to discovery issues because discovery is not allowed in this type of case and because the discovery was never served.  Clearly, some discovery was allowed in this case.  A motion to conduct discovery was granted by this Court in an order dated May 10,

-5-

2010.  The fact that any discovery associated with that order was never served is irrelevant.  Many courses of action are pursued and then abandoned as the parties adapt their strategies to the progress of the litigation.  Further, though the standard of review in this type of ERISA case is abuse of discretion, which generally limits the evidence to the administrative record, some limited discovery is allowed in cases where the same entity "both determines whether an employee is eligible for benefits and pays benefits out of its own pocket." *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008).  Thus, research and pursuit of discovery is not per se unreasonable, and the Court will not reduce the fee award on this basis.

The defendants also take issue with time spent researching state insurance regulations.  Though it is understandable that a plaintiff's attorney might research state law claims early in the litigation process, some log entries indicate such research well after the removal to federal court and the point at which the parties should have been aware of the robust nature of ERISA preemption over state law claims.  Accordingly, the 4.0 hours devoted to such research in February and March of 2011 will not be included in the Court's calculation.

Defendants' arguments regarding vague billing entries and excessive time accorded to certain tasks overlap because of

-6-

the large number of hours and entries with notations such as
"work on brief" and "research ERISA".  Further, many of
plaintiffs' entries include four to ten different tasks.  It is
possible that "incomplete and imprecise billing records preclude
meaningful review by the district court of the fee applicant for
'excessive, redundant, or otherwise unnecessary' hours."  *H.J.
Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991) (quoting
*Hensley*, 461 U.S. at 434).

        Still, the Court recognizes that at least some of the
hours logged in this way must have been necessary to the pursuit
of this case.  Likewise, though the Court recognizes some
categories of billing for the firm's associate would be unusually
high for an experienced attorney, the associate is new to the
profession and plaintiffs' counsel, in accord with industry
practice, has assigned much lower hourly rates to account for the
level of experience and training.  Furthermore, up to the time
when the Eighth Circuit released its decision in *McClelland*, this
was a complicated case with some out-of-circuit precedent that
favored LINA.  Finding that the lack of specificity makes it
impossible for the Court to accurately determine whether some
billings were excessive or redundant, the Court will reduce the
billings of the firm's law clerk and associate by 20%.

        The properly adjusted lodestar calculation totals
$38,122.00 for 89.4 hours worked by a partner at $250 per hour,

-7-

69.8 hours worked by an associate at $140 per hour, and 80 hours worked by a law clerk at $75.00 per hour.  Defendants also point out that the requested fees significantly exceed the amount of the award.  The Court notes that plaintiffs received the full $17,500 amount in controversy and that plaintiffs' pursuit of this claim to final judgment despite the disproportionate economics will contribute to the success of other beneficiaries whose claims are rejected on similar grounds or who can avoid the costs of litigation altogether because their claim is not denied. The Court finds that no further reduction is necessary.

Adding costs and the additional $500 requested for time spent on plaintiffs' reply brief, the Court finds plaintiffs are entitled to $38,687.00 in attorney's fees and costs.

## II. Prejudgment Interest

"The question of whether interest is to be allowed, and also the rate of computation, is a question of federal law where the cause of action arises from a federal statute." *Dependahl v. Falstaff Brewing Corp.*, 653 F.2d 1208, 1218 (8th Cir. 1981). "ERISA itself provides no express statutory authority for the award of prejudgment interest." *Id.* at 1219.  Because the amount of the policy benefits was never in question and was due upon the plaintiffs' filing of a claim, and because the defendants had use of the money from the time of filing until it was actually paid, the Court finds that prejudgment interest is suitable to afford

-8-

plaintiffs "appropriate equitable relief." *Id.* (quoting 29 U.S.C. § 1132(a)(3)(B)). In addition, there are no exceptional circumstances that would make an award of prejudgment interest inequitable.

The Eighth Circuit has held that "federal law governs the issue of interest and its rate." *Id.* In particular, the circuit established 28 U.S.C. § 1961 as the guide for setting the appropriate interest rate. *Id.* At the time of that decision, § 1961 provided that the interest rate for prejudgment interest under federal law would be determined by applicable state law. *Id.* (citing 28 U.S.C. § 1961 (1976)). However, the current version of the statute indicates that interest shall be "calculated . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding. [sic] the date of the judgment." 28 U.S.C. § 1961(a).

The rate for the week prior to the Court's August 14, 2012, judgment was 0.18%. Plaintiffs propose that interest be computed from October 14, 2008 -- the date plaintiffs estimate that LINA received the claim. Defendants do not contest this date and the Court finds that date reasonable. Computing the interest daily and compounding annually to the date of judgment, in accord with § 1961, the Court finds that plaintiffs are entitled to prejudgment interest in the amount of $121.13. A

-9-

separate order will be entered in accordance with this memorandum opinion.

DATED this 17th day of September, 2012.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

-10-